UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CATHY D. LUTTRELL, and husband, DAVID LUTTRELL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:22-CV-446-DCP |
| MARCIO H. BERNARDES MACEDO, MOHAMED O. MOUNAH, and MMHANCHY, LLC, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| MMHANCHY, LLC, | ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| CATHY D. LUTTRELL, | ) ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 30].

Now before the Court is the Motion to Remand to State Court for Lack of Jurisdiction [Doc. 31]. Defendants filed a response in opposition [Doc. 32]. Plaintiffs did not file a reply brief, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **GRANTS** the motion [**Doc. 31**]. The Court will **REMAND** this case to the Circuit Court for Roane County, Tennessee.

1

Case 3:22-cv-00446-DCP   Document 35   Filed 05/15/23   Page 1 of 6   PageID #: 139

## I. BACKGROUND

This lawsuit arises out of a vehicular accident. On November 21, 2022, Plaintiffs Cathy Luttrell and David Luttrell filed a lawsuit against Marcio Macedo, Mohamed Mounah, and MMHanchy, LLC ("MMHanchy") in the Circuit Court for Roane County, Tennessee [Doc. 1-1].[1] Plaintiffs request that judgment be rendered against Defendants in the amount of $72,500.00 as compensatory damages for Plaintiff Cathy Luttrell and $72,500.00 in compensatory damages for Plaintiff David Luttrell [*Id*. at 4].

On December 13, 2022, Defendant MMHanchy removed this action to this Court [Doc. 1]. Asserting that the parties were from different states and that Plaintiffs seek total costs of $145,000 against Defendants, MMHanchy stated that this Court has jurisdiction over this matter [*Id*. at 2]. After removing the Complaint, on December 14, 2022, MMHanchy filed its Answer to the Complaint and its Counter-Complaint [Docs. 3 & 3-1]. The Counter-Complaint alleges that Plaintiff Cathy Luttrell was negligent, and that as a result, MMHanchy "experienced property damage to its vehicles, loss of use, towing, and storage fees" [Doc. 3-1 at 3]. MMHanchy requests $100,000 in compensatory damages [*Id*.].

On February 28, 2023, Defendants served their initial disclosures [Doc. 31 pp. 4–30]. Relevant to the instant matter, MMHanchy provided a computation of its damages, which does not exceed $75,000 [*Id*. at 6]. MMHanchy's computation prompted Plaintiffs' instant motion.

## II. ANALYSIS

The Court has considered the parties' filings, and for the reasons stated below, the Court **GRANTS** the motion [**Doc. 31**].

---

[1] As explained below, MMHanchy, LLC has filed a Counter-Complaint against Plaintiff Cathy D. Luttrell [Doc. 3-1]. For ease of reference, the Court will refer to Cathy D. Luttrell as "Plaintiff," and MMHanchy, LLC as "MMHanchy."

Plaintiffs state that this case must be remanded because MMHanchy's Rule 26 disclosures show that the claim for damages does not meet the jurisdictional threshold of $75,000.00 as provided in 28 U.S.C. § 1332(a). Plaintiffs state that "[a] Notice of Removal is to be strictly construed" [Doc. 31 p. 2 (citation omitted)]. Arguing that each plaintiff must satisfy the amount-in-controversy requirement when claims are separate and distinct, Plaintiffs submit that "[c]ompensatory damages may not be aggregated to meet the jurisdictional amounts required in diversity cases" [*Id*. (citation omitted)].

Defendants respond that MMHanchy's Counter-Complaint was not pending at the time of the removal, and therefore, it cannot be considered in determining subject matter jurisdiction. Instead, according to Defendants, the Court reviews the status of the action at the time of removal and that the "traditional and majority rule" is that the value of a counterclaim should not be considered for purposes of determining the amount in controversy [Doc. 32 p. 4 (citation omitted)]. Defendants argue that "since the amount in controversy sought by the Plaintiffs against the Defendants, jointly and severally for compensatory damages, exceed the sum or value of $75,000, exclusive of interest and costs and totals $145,000.00, the removal was proper" pursuant to 28 U.S.C. § 1332 [*Id*. at 5].

Title 28 U.S.C. § 1441(a) allows removal of cases to federal courts if the plaintiff could have originally brought the matter in the federal district court. Section 1332 provides as follows:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> **(1)** citizens of different States[.]

28 U.S.C. § 1332(a)(1). The amount-in-controversy requirement exists "[t]o ensure that diversity jurisdiction does not flood the federal courts with minor disputes." *Nokes v. Petsmart, Inc.*, No.

3

1:09-CV-00194, 2009 WL 10722467, at *1 (N.D. Ohio Apr. 23, 2009) (quoting *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005)). Moreover, 28 U.S.C. § 1447(c) states, "If any at time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Courts have explained that "[t]he removal statutes 'are strictly construed against removal, such that doubt should be resolved in favor of remand.'" *Durham v. Est. of Losleben by & through Tatum*, No. 16-1042, 2017 WL 888357, at *2 (W.D. Tenn. Mar. 6, 2017) (quoting *Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004)). "The party seeking removal has the burden of proving that the district court has jurisdiction." *Id.* (citation omitted).

The parties do not question whether they are diverse as required by § 1332, and based on the Court's review, it appears this requirement has been met [*See* Doc. 1-1]. Instead, the parties dispute whether the threshold of $75,000 has been met. Plaintiffs point to MMHanchy's Initial Disclosures stating that the computation does not meet the jurisdictional threshold. But this argument fails for several reasons. First, "[i]n this circuit, the determination of the appropriateness of federal jurisdiction in a diversity case is made at the time of removal." *Sanford v. Gardenour*, 225 F.3d 659, 2000 WL 1033025, at *3 (6th Cir. 2000) (table opinion). MMHanchy filed its Counter-Complaint [Doc. 3-1] after it filed the Notice of Removal [Doc. 1]. *See also Maloan v. Bancorpsouth Bank, Inc.*, No. 01-1366, 2002 WL 1397266, at *4 (W.D. Tenn. Mar. 29, 2002) ("Since Defendant's counterclaim was not presented before removal, the Defendant's counterclaim, could not be considered as part of the amount in controversy.").

Second, courts generally do not look to the counter-complaints to determine the amount in controversy. *CMS N. Am., Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F. Supp. 2d 619, 627–28 (W.D. Mich. 2007) ("The majority of Sixth Circuit district courts to confront the question have

4

held that counterclaims should not be considered when determining the amount in controversy for purposes of removal jurisdiction, and this court finds their reasoning persuasive.").

Third, MMHanchy did not remove this case based on its Counter-Complaint [*See* Doc. 1 p. 2]. Instead, it removed this case based on Plaintiffs' claim for damages. But this brings the Court to Plaintiffs' second argument—that is, their claims cannot be aggregated to meet the jurisdictional requirements. The Complaint requests judgment against Defendants "jointly and severally" for the sum of $72,500 for each Plaintiff [Doc. 1-1 p. 4]. According to Plaintiffs, Plaintiff Cathy Luttrell sustained injuries from the accident, while Plaintiff David Luttrell suffered the loss of consortium of his wife [*Id*. at 3]. Defendants counter that the total amount sought exceeds $75,000.

The traditional rule is "that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014) (quoting *Snyder v. Harris,* 394 U.S. 332, 335 (1969)). The "limited exception" to this traditional rule occurs when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Id*. (quoting *Synder*, 394 U.S. at 335). Defendants have not argued that this limited exception exists here, and several courts within this district have held that "a loss of consortium claim may not be aggregated with the spouse's underlying claim to reach the jurisdictional amount." *Nokes*, 2009 WL 10722467, at *3 (citing *Poplar v. KKI, LLC*, No. CIV.A.3:04CV-426-H, 2005 WL 2739158, at *2 (W.D. Ky. Oct. 21, 2005) ("Plaintiff's personal injury claim and her husband's loss of consortium claim were not based on a common and undivided interest.") (other citation omitted); *see also Griffin v. Dana Point Condo. Ass'n*, 765 F. Supp. 498, 499 (N.D. Ill. 1991) ("As for Glenn's loss-of-consortium claim asserted in Complaint Count II, it cannot of course be aggregated

with Catherine's claim to satisfy the jurisdictional amount, but must be considered on its own."); *Taylor v. Piggly Wiggly of Bay Minette, Ala.*, No. CIV.A. 12-0320-W, 2012 WL 3555576, at *2 n.3 (S.D. Ala. Aug. 16, 2012) (calling it "doubtful" that a "claim for consortium meets [the] high standard" of establishing an exception to the anti-aggregation rule) (collecting cases); *Martinez v. J.C. Penney Corp.*, No. 08-20803-CIV, 2008 WL 2225663, at *4 (S.D. Fla. May 29, 2008) (although loss of consortium claims are derivative under Florida law, the underlying injury is "separate and distinct" and should not be aggregated).[2]  Defendants have not argued the exception exists here, and the Court finds that it does not.  Accordingly, the Court finds it lacks jurisdiction over this matter.

**III.     CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Motion to Remand to State Court for Lack of Jurisdiction [**Doc. 31**].  The Court will **REMAND** this case to the Circuit Court for Roane County, Tennessee.

ORDER ACCORDINGLY.

Debra C. Poplin
United States Magistrate Judge

---

[2]     The Sixth Circuit has explained that "[a]ggregation is permitted "where there is *not only* a common fund from which the plaintiffs seek relief, but where the plaintiffs *also have a joint interest in that fund,* such that if plaintiffs' rights are not affected by the rights of co-plaintiffs then there can be no aggregation. In other words, the obligation to the plaintiffs must be a joint one." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 824 (6th Cir. 2006), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010) (quoting *Eagle Star Ins. Co. v. Maltes,* 313 F.2d 778, 781 (5th Cir. 1963)).  It is uncommon to find a common and undivided interest, and it only "exist[s] when the defendant owes an obligation to the group of plaintiffs *as a group* and not to the individuals severally." *Id*. (quoting *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1262 (11th Cir. 2000).  In Tennessee, a loss of consortium claim is "distinct and separate from the injured spouse's claim, [although] it remains a derivative claim." *Williams v. United States*, 754 F. Supp. 2d 942, 955 (W.D. Tenn. 2010).